HIRAM H. RALPH vs. PRESTER and SAUNDERS.

The statute of 1822 (Hutch. Co. 877, § 96) provides, that where, in the record of any judgment or decree, any mistake, miscalculation, or misrecital of any sum, &c., name or names may occur, and there shall be among the records of the suit in which said judgment or decree shall be rendered any verdict, bond, or writing, whereby such judgment or decree may be amended, an amendment may be made, either by the court in which the judgment or decree was rendered, or by the judge thereof in vacation, upon reasonable notice being given to the opposite party, his agent, or attorney in fact or at law. *Held*, that this statute applies solely to the correction of judgments and decrees, and cannot be extended to other defects than are specially enumerated, without doing violence to the terms employed.

The provisions of this statute cannot be applied to a case where the court has failed to render judgment in due season; for the suit in such case is discontinued and beyond the power of the court.

ON appeal from the circuit court of Wilkinson county; Hon. Stanhope Posey, judge.

The facts may be found in the opinion of the court, and the points made by counsel.

*H. F. Simrall*, for appellant.

This was a motion made in the circuit court of Wilkinson county by Ralph, plaintiff in error, for judgment on the verdict of a jury, which motion was overruled and dismissed, because there was not in the opinion of the court sufficient notice to the defendants below, and brought to this court by Ralph by writ of error. The facts are all set out in a bill of exceptions, and are in substance: —

That Ralph brought his suit in the Wilkinson circuit court 21st March, 1845, against Prester and Saunders, founded on the note of the latter, payable to the former, for $3,561.48, dated 31st August, 1840, and due 1st January, 1841; that Saunders and Prester were duly served with process. Defendants pleaded by Messrs. Gordon and Posey, attorneys, two pleas in bar, upon which issue was joined on the 4th December, 1845. The issues were submitted to the jury, who upon their " oath do say, we,

Ralph *v.* Prester and Saunders.

the jury, find the issues joined for the plaintiff, and assess his damages at $4,800.73, besides costs," &c. The minutes of the court were produced, and showed that no judgment had been rendered at that term on the verdict, and no judgment had been rendered at any subsequent term. Prester had been a non-resident of the State for the last three or four years; Col. Gordon, the attorney upon whom the notice of motion was served, was one of the attorneys of the firm of Gordon & Posey, who filed the pleas to the original action, and represented both defendants on the jury trial; Posey, the other attorney, being then the presiding judge of the court.

It may be premised, that if Ralph has not a remedy in the mode pursued in the court below, then he occupies, in the apprehension of his counsel, the position of a party who has a right, but has no remedy to enforce it, and is the first man that the common law ever placed in that situation.

He has no recourse upon his note, for the common law interposes the verdict of the jury as a bar of all recovery upon the matters included in the issues submitted to them. He can, maintain no suit upon the verdict; neither debt, assumpsit, nor any other action.

Why withhold judgment upon the verdict; his suit has never been dismissed? Where the necessity of any notice to these defendants of the application for judgment at all? When did the effect and virtue of the service of process on these defendants to appear and answer the plaintiff's plaint exhaust itself?—certainly not with the filing of their pleas, nor with the trial of the issues before the jury; it extended on to any, and every action of the court, until the final disposition of the cause by its judgment.

But if notice was due before the plaintiff could demand judgment, sufficient notice was given; all notice possible was given.

Prester had been non-resident for three or four years; and actual notice of the motion was served upon Saunders, and, upon Col. Gordon, who was the attorney that represented both parties in the suit.

I submit that the rule has no exceptions, that where a party

defendant is served with a writ and appears and defends the suit by attorney, that the attorney, in all after proceedings, stands in lieu of the principal, represents him, and is capable of giving notices and receiving notices in all cases where notice is necessary, which are just as binding upon the client as if served upon him.

Such is the practice, founded in manifest convenience and propriety. The attorney may make admissions in the record (though contrary to the truth), which will bind the client. Citation to appear to a writ of error to this court is properly served on him.

When once a litigant appears by attorney of record, that attorney, for all the purposes of the suit, stands in the place of the client as to the adverse party.

There is no provision in our statutes of limitation barring an application of this sort. The common law did not do so.

In *Gray* v. *Thomas et al.* 12 S. & M. 111, these positions are sustained. The court say : " There is no doubt, had a verdict been had at a previous term, and for some reason judgment had not been rendered thereon, it would have been competent for the court to have given, at a subsequent term, following the rules of law in such cases, the appropriate judgment. The verdict must appear in the record as preliminary to such judgment."

In 2 Tidd's Prac. 933, Lib. Ed., it is thus stated : " In the courts of Westminster the practice is to enter a rule, after verdict, for judgment, yet after rule entered, the successful party was entitled to judgment many years after, if no good cause could be shown to the contrary." To same effect, 6 Mod. 59. In support of the same doctrine, the principle ruled in *Graves* v. *Fulton*, 7 How. R. 599, applies ; and where it is held, " that there is no limit within which to amend a judgment under the statute, lapse of time does not bar such an application."

If the statute authorizing the circuit judges to call a member of the bar to the bench, in cases where he is incompetent to sit; and if, in this case, Judge Posey had no authority to place L. K. Barber in his place to try this motion, then the judgment dismissing my motion was wrong, and this court

ought to reinstate it in the court below. The record shows that the judge of his own motion called Mr. Barber to the bench. If that was improper, and the proceedings had were *coram non judice,* my client is the sufferer.

But I desire a decision of this question on the merits; and inasmuch as all the facts are in the record, if this court should be of opinion that the judgment below ought to be reversed, it is asked that a proper judgment be entered here, which is a judgment on the verdict; not a judgment *nunc pro tunc,* for that is only proper upon proof that a judgment was ordered to be entered by the clerk, but which he omitted to do.

*J. Winchester,* for Saunders.

That the parties appeared in court in December, 1845, and the cause was tried on the issue joined. The writ was complied with, and the matter at an end, unless the court gave further time to consider of its judgment. No such time was given; no continuance of the cause or affidavit shown, is entered upon the record.

" At common law no plea could be determined but in the presence of the parties, unless default was made by one of the parties and not excused; and, therefore, by the statute of Westm. c. 28, to save delays at the *nisi prius,* they ordered that the inquest should be taken, though the defendant made default, and did not appear; hence it became necessary after issue joined, that there should be continuance, from time to time, till the verdict was taken, as before issue joined a continuance was given the defendant from time to time until his plea was put in." 5 Bacon, Abridg. tit. Plead. (P.)

" A continuance ought to be entered from one court to another." Com. Digest, tit. Courts, P.

The effect of not entering continuances at common law, is thus described by Bacon: " And if these continuances were not entered from time to time, the defendant was without day in court, and whenever he was so, there was an end of the proceedings in that writ, for he had fulfilled the command of that writ in appearing, and the court might give judgment against him if he did not plead; and if the court neither gave him

leave to plead, nor gave judgment for want of a plea, he having fulfilled the writ, the matter was at an end; so if he had pleaded, and the court had not given a day to the parties to prove their allegations, then likewise the defendant having appeared, the writ was complied with and the matter at an end, unless the court gave further time to verify the allegations, and therefore in such cases, there must be continuance till the verdict." Bacon, Abr. tit. Plead. (P.)   This course of the common law is the law of Mississippi; and every record of a suit or action between two parties, must show a continuance of the cause from the term of the court at which the defendant is required to appear, down to the trial term of the issue and verdict. First. It is provided by the statute, (Hutch. Code, 874,) "that all suits or actions, &c., shall be put to issue and tried, at the term to which the writ shall be returned executed.   Provided that the court may on cause shown by affidavit, continue any such suit or action."   Afterwards modified by act of 1840, giving an imparlance term.   Hutch. Code, 853.   By statute, (Hutch. Code, 735,) the several courts of law and equity in this State, shall take up the cases for trial or hearing, in order as they stand on the docket, and try or continue the same before the said court shall proceed to the trial of any other cases.

The cause of *Hiram H. Ralph* v. *Prester & Saunders*, was taken up for trial or hearing in order as it stood on the docket; it was tried and not continued.   Since which time, the cause has not had its place on the docket, and was not, at the time the motion was heard, on the trial docket.   But it will be contended, that the statute of this State (Hutch. Code, 735) continues this cause in court, because, although heard at the December term, 1845, it was not determined, and therefore stands continued from that time to June, 1854.   We answer, No.   The statute operates a continuance only in three classes of cases.   First, where the court has not held its term.   Second, where it does not sit the whole term; or, third, where the term is ended before all the matters ready for hearing upon the hearing docket are reached and heard.   All such cases, which are called in law "remanets," "stand continued, of course, until the next succeeding term."   The cases thus continued by

statute, retain their position upon the docket, and for the same reason, " at the next succeeding term," are unheard and undetermined; they stand continued, of course, until the next succeeding term, and go on until they are reached upon the docket, and tried or continued by the court as required by law. Hutch. Code, 738.   When the case is reached in its order upon the issue docket, it is then made the duty of the court to " try or continue the same." It is not continued by operation of law after that.

But this cause was heard and tried at the December term, 1845; the parties then appeared, and a jury was sworn, the issue joined to try, and a verdict rendered.

The statute was not intended to cover continuances except down to the verdict, as is shown by the several acts above, upon the same subject-matter taken in connection, and even if the words of the act, " shall not have heard or determined all matters ready for their decision," might bear the construction of continuing a cause after verdict from the December term, 1845, to June, 1854, still the court would construe the words by the spirit of the act, taken in connection with other statutes upon the same subject.   But the case comes not within the words of the act.   The cause was heard at the December term, 1845, and if it was not then " determined" as is said by counsel, there is an express statutory provision made limiting the time the court shall make its determination, and the manner.   Hutch. 740. The statute is, " shall not have heard and determined;" here the matter was heard but not determined.

The rights of the parties are protected by this statute.   It has altered the common law rule in this respect, and given parties an additional protection.   But at common law the court could only continue the cause after verdict to the next succeeding term.   The common law is thus laid down : " So upon a demurrer, or after a verdict given, if the courts give time to consider of their judgment, they must give day to the parties, because they can determine nothing in the absence of the parties, and the command of the writ being complied with by the defendant's appearance, and the effect of the writ answered, it is at an end; and the court can give time only from one term to an-

63 *

other; for if they could give day to a second term, they might give it to a fifth, twentieth, or one hundredth, and they would have power to delay *ad infinitum.* Bacon, Abr. tit. Plead. (P.) Our statute has limited the time to four months.

It is a principle of law sustained by all the authorities, that the judgment must follow the verdict, and when the verdict is joint against two or more, the judgment must be against all, or it will be erroneous. 6 Modern Reports, 59; 3 Black. Com. p. 230, 296; Tidd's Practice, Verdict.

Mr. Justice HANDY delivered the opinion of the court.

The record in this case shows the following state of facts: —

In March, 1845, the plaintiff in error instituted an action of assumpsit against the defendants on a promissory note; and on the 4th December, 1845, the case having then come on for trial, a verdict was returned by the jury for the plaintiff for the sum of $4,800.73, but no judgment was rendered on the verdict. The case passed from the docket, and remained in this condition until the 6th December, 1852, on which day the plaintiff's attorney caused notice to be served on the defendant, Saunders, and on the 8th day of the same month on one of the attorneys who had defended the suit for Prester, notifying them that a motion would be made in behalf of the plaintiff on a certain day of the approaching term of the Wilkinson Circuit Court for judgment on the verdict rendered in the case as above stated.

It appears that Prester was a non-resident of the State, and had been for three or four years before the motion was tried; that no service of the motion was made upon him, and that there was no appearance by or for him on the hearing of the motion. It came on to be heard at June term, 1854, when it was overruled, and the plaintiff thereupon prosecuted his writ of error.

In support of the decision of the court below, it is insisted that the suit was discontinued and beyond the power of the court below when the motion was made, by the rules of the common law. This position is sustained by authority, and is founded on good reason. Bacon, Abr. title Pleas, P. pl. 1 and 2. The case not having been continued either by order of the

court or by operation of law, was at an end, and no further step could be taken in the prosecution or consummation of it, unless it were authorized by some statutory provision.    Was the motion, then, embraced by any statute of this State?

We have but one statute which has any bearing upon such a case, and that is the act of 1822, § 96, Hutch. Dig. 877, which provides that where in the record of any judgment or decree any mistake, miscalculation, or misrecital of any sum, &c., name or names, and there shall be among the records of the suit in which such judgment or decree shall be rendered, any verdict, bond, or writing whereby such judgment or decree may be amended, an amendment may be made either by the court in which the judgment or decree was rendered, or the judge thereof in vacation, upon reasonable notice being given to the opposite party, his agent or attorney in fact or at law.

This statute applies solely to the correction of judgments and decrees, and could not be extended to other defects than are specifically enumerated, without doing violence to the terms employed.    It is to be presumed that the legislature never supposed that a caser would occu of a verdict rendered upon which the court would fail to render judgment in due season, and therefore that they have made no provision for such a case. But we are not warranted in extending a specific provision beyond the case plainly intended, because the omission complained of would result in an injury of a like nature to that provided for in the statute.    The legislature has not seen proper to provide for it, and the court has no power to do so.

It is insisted in behalf of the plaintiff in error, that it was competent for the court at any time to render judgment upon the verdict; and 2 Tidd, Pr. 933, is relied upon as an authority for such power.    But, upon examination, it will be found that that authority has reference to cases where the court has not lost its power over the case by discontinuance, as where it stands upon reargument, or under advisement, or upon motion in arrest of judgment or for a new trial.    It is said that in some instances, where the judgment had been signed at a previous term, the court would give leave to enter up judgment at a sub-

sequent term.   But this rule is not well defined, and is said to be a matter of discretion and indulgence by the court.   The better and safe rule upon the subject is thus laid down in Bac. Abr. supra, " upon a demurrer, or after a verdict given, if the court give time to consider of their judgment, they must give day to the parties, because they can determine nothing in the absence of the parties, and the command of the writ being complied with by the defendant's appearance and the effect of the writ answered, it is at an end; and the court can give time only from one term to another; for if they could give day to a second term, they might give it to a fifth, twentieth, or one hundredth, and they would have power to delay *ad infinitum.*" 6 Bac. Abr. by Gwillim & Dodd, 370.

But if we were disposed to allow the discretionary rule above referred to in any case, it could not be applied to this, because of the great lapse of time; for it is held that it will not be allowed after such a length of time, as to raise a presumption that the debt has been paid.   *Flower* v. *Bolingbroke,* 1 Strange, 639. Here the motion was not made until the lapse of more than seven years after the verdict was rendered, and the case had passed from the docket.   If a judgment had been rendered on the verdict, the plaintiff would have been barred by the statute of limitations from enforcing it by execution, at the time this motion was made; and certainly he should not be permitted to have a greater period of time to perfect his judgment after verdict, than he could have had to enforce his judgment if it had been properly entered.

The judgment is, therefore, affirmed.