PERSON & MARYE v. HENRY BARLOW et al.

1. VERDICT: EVIDENCE OF DEBT WITHOUT JUDGMENT.—A verdict, though no
judgment be rendered on it, is competent evidence of the plaintiff's demand,
unless it be stayed or set aside; and the plaintiff is entitled to judgment on it,
at any time before it is barred by the Statute of Limitations.    See *Kip* v.
*Brigham*, 7 J. R. 168; *Estep* v. *Hutchman*, 14 Serg. & R. 435.
2. CHANCERY: WHEN ASSIGNEE OF VERDICT MAY GO INTO EQUITY TO COLLECT IT.—
The assignee of a verdict in favor of a bank, which was afterwards dissolved on
*quo warranto*, has a mere equity in the debt, which cannot be enforced at law
in his name, he being no party to the record; nor can judgment be rendered
on it, in the name of the bank, because it is dissolved: and hence, in such a
case, the assignee may maintain a bill in equity to enforce the collection of the
verdict.

APPEAL from the Superior Court of Chancery.    Hon. Charles
Scott, chancellor.

*Geo. S.* and *W. S. Yerger*, and *F. Anderson*, for appellants.
1. The verdict is competent evidence of plaintiffs' demand.
*Waldo* v. *Long*, 7 J. R. 173; *Kip* v. *Brigham*, Ib. 170; *Basker-*

*ville* v. *Brown*, 1 Black. 293 ; *Estep* v. *Hutchman*, 14 S. & R. 435; *Foster* v. *Compton*, 2 Starkie's Cases, 364; 1 Phil. Ev. 324 ; Comyn's Dig. Tit. Testmoigne, A. 5.

2. The complainants are without remedy at law, and therefore entitled to come into equity. *Lenox* v. *Roberts*, 2 Wheat. 373.

*D. C. Glenn*, for appellees.

HANDY, J., delivered the opinion of the court.

The appellants filed their bill in chancery, alleging in substance, that in an action at law, brought by the Bank of Port Gibson against the appellees upon a promissory note, a verdict was rendered on the 6th of May, 1841, for the plaintiff, for the sum of $770; and on the 11th of May, 1843, that the bank assigned the same to the appellants, for the benefit of the creditors and stockholders of the bank ; that subsequently, by judgment of law upon a proceeding of *quo warranto*, the bank was deprived of its franchises, and the corporation was dissolved ; that no judgment in form was entered upon the said verdict, but that no motion in arrest of judgment, or for a new trial, was ever made in the case, and that the verdict stands in full force and effect ; and praying a decree for the amount of the verdict. To this the appellees filed a general demurrer, which was sustained, and the bill dismissed; from which decree this appeal is taken.

The grounds of the demurrer do not appear by the record, and they are not shown in argument. But there appear to be but two questions arising in the case. 1st. Whether it would be competent, upon the facts stated in the bill, for the bank to have judgment upon the verdict, if the corporation had not been dissolved; and 2d, whether the appellants are entitled to the decree sought, as the holders of the equitable title, and being without remedy at law.

Upon the first point, it is well settled, that a verdict is competent evidence of the plaintiff's demand, and of the judicial ascertainment of it, though no judgment be entered upon it, unless it be stayed, or in some way set aside. *Kip* v. *Brigham*, 7 John. Rep. 168; *Estep* v. *Hutchman*, 14 Serg. & R. 435. And it follows, that the plaintiff would be entitled to have judgment upon the ver-

dict at any time before the right would be barred by the Statute of Limitations.

But this right could not be asserted at law by the appellants, or by the bank; not by the latter, because her corporate existence was at an end by judicial sentence; and not by the former, because they were not parties to the record. Yet the beneficial interest in the demand had passed to the appellants, and they were entitled to enforce it; and being without remedy at law, they were entitled to a decree in equity equivalent to a judgment at law. *Bacon* v. *Cohea*, 12 S. & M. 524.

The decree is reversed, the demurrer overruled, and the case remanded, and the appellees required to answer within sixty days.