E. G. BETTS *v.* S. C. BAXTER, CONSTABLE, ET AL.

1. JUSTICE'S COURT. *Constructive service of process. Sect. 701, Code 1871.*
   Sect. 701 of the Code of 1871, which provided for and regulated constructive service of process, applied to original writs in all the courts of the State, including that of a justice of the peace. The Code of 1880 contains provisions to the same effect.

2. SAME. *Constructive service of summons. Judgment by default at return-term.*
   Under sects. 630 and 632 of the Code of 1871, a judgment by default rendered by a justice of the peace at the return-term of the summons, upon constructive service, was void. The law is the same under the Code of 1880.

ERROR to the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

The case is sufficiently stated in the opinion of the court.

*Blair & Clifton*, for the plaintiff in error.

1. Is the judgment void because taken at the return-term? Sect. 632 of the Code of 1871, which prohibits the taking of a judgment by default at the return-term on constructive ser-

vice of process, is found in the chapter on pleading and prac-
tice of the Circuit Court, and hence the prohibition does not
extend to judgments rendered in the justice's court. Sect.
630, Code 1871, makes the practice established by this chap-
ter applicable to all other courts in this State, except where
" by the nature of things it would be restricted," etc. The
excepted clause meant to recognize the well-defined distinc-
tion made by the Constitution and the laws in the organiza-
tion and establishment of the different courts. The practice
as established in the justice's court contemplates affording liti-
gants summary remedies without the delays incident to pro-
ceedings in the Circuit Court. Any rule of practice, then,
of the Circuit Court which would divert the exercise of the
justice-court jurisdiction from this distinctive policy comes
within this exception, and would be " restricted by the very
nature of things " regulating the jurisdiction of the two courts.
Code 1871, sects. 1305, 1306.

But this statute is restricted in its application to this court
by express provision. The modes prescribed by statute for
serving process apply to all courts, and one of those modes
is constructive service. " The justice of the peace before
whom a complaint has been filed shall proceed to hear and
determine the same on the return-day of the summons."
Rev. Code 1871, sect. 1307.

2. Is the judgment void because of the defective service of
the process? We submit that the authorities do not go fur-
ther than to pronounce such judgments erroneous. *Fatheree*
v. *Long*, 5 How. 664 ; *Eskridge v. Jones*, 1 Smed. & M. 596 ;
*Merritt* v. *White*, 8 Geo. 440 ; *Foster* v. *Simmons*, 40 Miss.
586 ; *Glenn* v. *Wragg*, 41 Miss. 655 ; *Mullins* v. *Sparks*, 43
Miss. 131 ; *Bustamente* v. *Boscher*, 43 Miss. 174 ; *Hammond* v.
*Olive*, 44 Miss. 546 ; *Robinson* v. *Miller*, 57 Miss. 238. We
concede that the service of the process in this case was defec-
tive, and that in a direct proceeding the judgment would be
set aside ; but as the judgment was only erroneous, and not
void, it cannot be attacked in a collateral proceeding. It was

competent evidence, and should have been admitted by the court below. *Campbell* v. *Brown,* 6 How. 114; *Gwin* v. *McCarroll,* 1 Smed. & M. 368; *Smith* v. *Bradley,* 1 Smed. & M. 491; *Enos* v. *Smith,* 7 Smed. & M. 90; *Steen* v. *Steen,* 3 Cushm. 531; *Wall* v. *Wall,* 6 Cushm. 412; *Campbell* v. *Hays,* 41 Miss. 562; *Crizer* v. *Gorren,* 41 Miss. 563; *Martin* v. *Williams,* 42 Miss. 220; *Storm* v. *Smith,* 43 Miss. 500; *Hanks* v. *Neal,* 44 Miss. 224.

*Newman Cayce,* for the defendants in error.

1. The pretended constructive service of the summons was insufficient, and amounts to a total lack of service. Constructive service is not good unless made in strict compliance with the statute. *Smith* v. *Cohen,* 3 How. 35; *Fatheree* v. *Long,* 5 How. 664: *Foster* v. *Simmons,* 40 Miss. 586; *Bustamente* v. *Boscher,* 43 Miss. 175; *Hammond* v. *Olive,* 44 Miss. 546; *Merritt* v. *White,* 8 Geo. 438; *Robinson* v. *Miller,* 57 Miss. 238; *Eskridge* v. *Jones,* 1 Smed. & M. 596.

2. Without service of process there can be no jurisdiction, unless there is a voluntary appearance; and judgment by default without service or appearance is void. Code 1871, sect. 632.

*W. L. Clayton,* on the same side.

1. The object of sect. 632 of the Code of 1871 was to prevent judgment without giving the defendant an opportunity of contesting the plaintiff's claim. The defendant might be absent from the State or county, and this statute was intended to give him until the term next succeeding the return-term for putting in his defence. The reason is certainly as strong, if not stronger, for not allowing a judgment by default in a justice's court at the return-term on constructive service, as for not allowing such judgment in the Circuit or Chancery Court.

2. Is a judgment taken in violation of sect. 632 void, or merely erroneous? The language of this section is very strong. It is: "No judgment by default shall be entered at the return-term when it shall appear that the process has not

been served personally on the defendant." This statute must mean what it says ; and the only question is, Is the statute mandatory or simply directory? Sect. 701, Code 1871, provided the mode of service, and, of course, if those directions were not followed it would be erroneous. And if sect. 632 is simply directory, it is nugatory. Process might be returned simply " executed," as was frequently done, when in fact it had been served personally. A judgment rendered on such a return by default would be reversed on appeal, as the service would not meet the requirements of sect. 701 ; but the judgment would not be void, as it would not appear that the process had not been served personally. It might or might not have been so served. But when the process on its face, by the officer's return, shows that he did not serve it personally, then sect. 632 says no judgment shall be taken at the return-term, and if taken it is void.

*J. A. Brown*, on the same side.

1. The judgment upon which the execution issued is *void*, because the service on the process was constructive, and judgment was taken by default at the return-term. The statutory prohibition is clear. Code 1871, sect. 632 : " No judgment by default shall be entered at the return-term when it shall appear that the process has not been served personally on the defendant." And by sect. 630, Code 1871, the prohibition is made applicable to justices' courts. Constructive service in the justice's court is not provided for by statute, and, there being no such provisions as to that court, the service must be by actual notice or it is void. Where notice is required by statute, and the method of serving the same is not laid down, it is understood that there shall be personal service. Wade on Notice, 568. Where it appears from a reasonable construction of the statute that personal service is intended, no other can be substituted (Id. 568, sect. 1335) ; and " original process, in order to sustain a personal judgment, should be personally served, except where some other form of service is provided by statute." Id., sect. 1338.

2. But if the court should hold that the article of the Circuit Court law on process and service applies to justices' courts, then they are also subject to the prohibition against entering judgments by default at the return-term on constructive service; and that prohibition, as well as the defective nature of the return in this case, renders the judgment void. *Settlemier* v. *Sullivan,* 97 U. S. 444, 449.

Georgе, J., delivered the opinion of the court.

This is a motion in the court below against a constable and his sureties for a failure to return an execution at the proper time. The court excluded from the evidence the judgment on which the execution issued, upon the ground that it was void. The judgment excluded was rendered by a justice of the peace upon a return on the summons of constructive service on the defendant. It is insisted that the constable had no power under the statute to make any service under the summons but personal service, and hence that the return was void. This would be true if the service is to be tested by the provisions of the Code contained in the chapter in relation to justices of the peace; but sect. 701, contained in the chapter on Circuit Courts, by its express terms applies to original process in all the courts of this State, and by that section constructive service of process is provided for and regulated. It is further insisted that the judgment is void because rendered on constructive service at the return-term of the summons. This position is correct. By sect. 632 of the Code of 1871, applied by sect. 630 to all courts in this State, it is provided that " no judgment shall be entered at the return-term " unless on personal service on the defendant. The statute is peremptory, and its plain mandate cannot be avoided or evaded. Constructive service is purely a creation of the statute, and is a substitute allowed in certain cases for the positive notice required to be given to a defendant. Its effect and value are only that which the statute provides. When, therefore, the statute permits constructive service, and at the same time de-

clares that no judgment by default should be rendered on it at the return-term, it in substance declares that such service is good only as service to the second term after it is made, and, therefore, any judgment taken before that term is void. The same result on both the questions herein discussed will be reached under the Code of 1880. Sect. 1585 of that Code, being a part of the chapter on the Circuit Court, and in which chapter is found a provision allowing constructive service of process and a provision prohibiting judgment at the return-term on such service, extends all the provisions of the chapter to all other courts, where such provisions are not restricted in their nature or by express enactment to particular courts. The judgment rendered by the justice of the peace was therefore void, and properly excluded from the evidence.

Judgment affirmed.