HEIRMANN & KAHN *v.* A. J. STRICKLIN ET AL.

1. JUDGMENT. *Service of process. Appearance.*
A judgment against two parties is valid, if one is served personally and the other appears and contests the demand of the plaintiff, before the justice of the peace, and it cannot be avoided by a collateral attack.

2. SAME. *Return of "executed." Effect thereof.*
A judgment in a justice's court, by default at the return term, is void if based on the return "executed," which shows a legal service, but not necessarily a personal one.   Code 1880, sect. 1703; *Betts* v. *Baxter*, 58 Miss. 329.

3. SAME. *Lien. Enrollment.*
A conveyance by a judgment-debtor of his land is void as against the judgment which was duly enrolled before the filing for record of the conveyance, although it is only a judgment of a justice of the peace.

4. CHANCERY PRACTICE. *Cross-bill. Demurrer. Fraud.*
If the creditor, whose judgment is enjoined as void, alleges by cross-bill that the conveyance by the judgment-debtor to the complainant, which his debt ante-dates, is fraudulent, this cross-bill must be answered.

5. MORTGAGE. *Parol evidence to show intent of deed.*
Code 1880, sect. 1299, prohibiting parol evidence to prove an absolute conveyance to be a mortgage, is applicable only where the vendor parts with the possession of the property conveyed.

6. SAME. *Fraud.*
Whether this statute (Code 1880, sect. 1299) could be invoked to protect and cover up a fraud.   *Quære?*

APPEAL from the Chancery Court of Alcorn County.

Hon. L. HAUGHTON, Chancellor.

On July 28, 1881, A. J. Stricklin filed this bill against W. L. Stricklin, Mary Stricklin, E. E. Brown, Heirmann & Kahn, and S. L. Sanders, a constable of the county, to enjoin the sale of the land in controversy, which was levied on under two

judgments obtained in a justice's court in favor of Heirmann & Kahn against W. L. and Mary Stricklin, alleging that W. L. and Mary Stricklin conveyed the land in April, 1881, to E. E. Brown, who on June 30, 1881, conveyed it to the complainant, both sales being for valuable consideration, and that the deeds were recorded in July, 1881; that on May 28, 1881, Heirmann & Kahn obtained judgment for $93, and on June 25, 1881, for $150.75 against W. L. and Mary Stricklin in the justice's court on constructive service only, by default at the return term.

Heirmann & Kahn answered that the deeds were not on valuable consideration, but were the execution of a fraudulent arrangement between A. J. Stricklin and his son and daughter-in-law, W. L. and Mary Stricklin, to place the land beyond the reach of the respondents, and alleging that the judgments were not on constructive service and were enrolled before the deeds were recorded, and that the deeds were in fact at most a mere mortgage to A. J. Stricklin, made their answer a cross-bill and prayed that the deeds be cancelled and the land sold, or that they might avail of the equity of redemption.

The records from the justice's court showed that the judgment for $150.75 was rendered by default at the return term upon the service of " executed " only ; but the service on which the judgment for $93 was based, was " executed May 20, 1881, by leaving two true copies of warrant with Mary Stricklin, Washington Stricklin's wife, ——— not found, S. L. Sanders, C. A. C. ; " and the judgment on the twenty-eighth of the month recited that a counter-claim for $9.50, which W. L. Stricklin swore to before the same justice of the peace on the twenty-sixth, was filed thus : —

" Defendant files counter-claim for $9.50, which is allowed, and the said defendant says nothing why judgment should not be rendered for balance of note.   It is, therefore, considered by the court that plaintiff recover $93, the amount due on said note with all costs, this May 28, 1881."

This note, which was for $102, was made to Heirmann & Kahn on February 23, 1881, due sixty days after date, and the other note, which was for $150, bore the same date, was between the same parties, and was due ninety days after date.

Without an answer from the defendants to the respondent's cross-bill, the chancellor dismissed it on their demurrer, and proceeding to final decree perpetually enjoined the sale under the judgment. From this decree, Heirmann & Kahn appealed.

*Calhoon & Green,* for the appellants.

1. Neither judgment was void. The return "executed," under Code 1880, sect. 1528, is sufficient. The presumption is that the service was personal. Freem. on Judg., sect. 126. If it was only constructive, the party attacking the judgment must prove this fact. One party appeared in the other suit and the other party was personally served.

2. The vendors remained in possession of the land, and the judgments were enrolled before the deeds were recorded. No allegation of notice of the unrecorded deeds is made. The judgment-lien, therefore, is effective. *Taylor* v. *Lowenstein,* 50 Miss. 278; *Humphries* v. *Merrill,* 52 Miss. 92. In the cases of *Simmons* v. *North,* 3 Smed. & M. 67, and *Willis* v. *Gattman,* 53 Miss. 725, the notice resulted from the vendee's possession.

3. Even if the judgments were void, the cross-bill was maintainable on the notes, without judgments, under Code 1880, sects. 1843, 1845, in order to vacate the alleged fraudulent conveyances. It was, therefore, erroneous, in any possible view of the case, to dismiss the cross-bill until the charge of fraud was answered.

*G. W. Reynolds,* on the same side.

*Nugent & McWillie,* for the appellees.

The return of "executed" does not imply personal service, which by Code 1881, sect. 1703, is essential to a judgment by default at the return term. *Betts* v. *Baxter,* 58 Miss. 329. One judgment is, therefore, void. The other judgment is

based on no service.   Who is Washington Stricklin?   Who
is Washington Stricklin's wife?   She was not found, it ap-
pears, from the return.   But why were they looking for her?
Possibly she is W. L. Stricklin's grandmother, and the gen-
tleman who designates himself as "C. A. C." (meaning
doubtless, "citizen another county".) supposed that the old
lady would "advance" on the strength of the relationship.

The sole difficulty in the way of sustaining the cross-bill,
as filed upon the notes to vacate a fraudulent conveyance un-
der Code 1880, sect. 1843, is that it is not filed on the notes
under this statute, but upon the judgments under the general
law.

COOPER, J., delivered the opinion of the court.

The judgment rendered by the justice of the peace on the
twenty-eighth day of May, 1881, for the sum of $93 was not
void.   The process was shown to have been personally served
on the defendant M. E. Stricklin, and W. L. Stricklin ap-
peared and contested plaintiff's demand.   The judgment for
$150.75, rendered on the twenty-fifth day of June, 1881, was
void.   It was a judgment by default at the return term, on
service of process which is not shown to have been personal.
The return was "executed," and while this return imports a
legal service of the writ in some one of the ways provided by
statute, it does not indicate whether it was personal or con-
structive, and it is only when it "shall appear that the process
has been served personally on the defendant," that a judg-
ment by default may be entered at the return term.   Code of
1880, sect. 1703.   A judgment rendered in violation of the
express prohibition of the statute is void.   *Betts* v. *Baxter*,
58 Miss. 329.   The chancellor erred in granting the relief
prayed by complainant, and in sustaining the demurrer to
the defendants' cross-bill.   The valid judgment for $93 was
duly enrolled before the conveyances from the judgment-
debtors to E. E. Brown and from E. E. Brown to complainant
were filed for record.   If these conveyances were *bona fide*,

the lands were nevertheless subject to sale under this judg-
ment, and on bill and answer alone ought to have been so
subjected.  The demurrer to the cross-bill should have been
overruled.  It is charged by the cross-bill that the complain-
ants therein were creditors of M. E. and W. L. Stricklin, and
they relied first upon their judgments, and if these were in-
valid, then upon the notes of the debtors which ante-dated all
the conveyances.  It is further charged that the conveyances
to A. J. Stricklin were voluntary and fraudulent, all of which
averments were admitted by the demurrer, and being admit-
ted, the complainants in the cross-bill were entitled to subject
the land to the satisfaction both of the valid judgment and of
the debt not reduced to judgment.  Code of 1880, sect. 1843.
It is not averred either in the bill or cross-bill that M. E.
Stricklin parted with the possession of the land conveyed by
her to E. E. Brown.  It is only when the owner parts with
the possession of the property, that sect. 1299 of the Code,
prohibiting parol evidence to prove an absolute conveyance to
be a mortgage, is applicable.  Whether under the circumstances
of this case it could be invoked to protect and cover up a
fraud, it is not necessary to decide.

The decree on final hearing and the decree sustaining the
demurrer to the cross-bill are reversed.  The demurrer is over-
ruled and the complainant allowed thirty days after the man-
date shall have been filed in the court below to answer the
cross-bill.