## J. T. MOORE & CO. *v.* I. W. HOSKINS ET AL.

1. SERVICE OF PROCESS. *Judgment by default on service not shown to be personal.*
   A judgment by default at the return term upon service of summons not shown to be personal is void. *Betts* v. *Baxter*, 58 Miss. 329; *Herman* v. *Stricklan*, 60 Ib. 234.

2. DISCONTINUANCE. *Entry of void judgment.*
   The entry of a void judgment does not operate as a discontinuance of the cause.

3. ENTRY OF VOID JUDGMENT. *Right of plaintiff to vacate; when exercised.*
   If a defendant has in fact been summoned, but the judgment by default at the return term is void because the return fails to show personal service, the plaintiff, at any time before the judgment would have been barred by limitation if valid, may by motion have the judgment vacated, and a valid one rendered, provided notice thereof is given to the defendant.

4. PRACTICE. *Motion to vacate judgment. What notice required.*
   In such case, the defendant having been in fact originally summoned, the notice need not be by another summons. The form and method of giving the notice are immaterial, since its purpose is not to acquire jurisdiction but to prevent surprise and fraud.

FROM the circuit court of Lincoln county.

GEO. S. DODDS, Esq., presided as special judge by consent.

Appellants brought suit in 1882 against appellees I. W. Hoskins & Bro., before one Baggett, a justice of the peace. The defendants were summoned, but the return of the constable was merely that the summons was " executed." A judgment by default at the return term was entered against them, which is conceded to have been void because the return failed to show personal service.

The plaintiffs reposed upon the judgment as entered until 1886,

when, learning that it was void, they gave the defendants notice that they would on April 7, 1886, make a motion before the justice of the peace who succeeded Baggett, to vacate the void judgment, and proceed to a trial of the cause.

This notice was signed by the attorney of plaintiffs and was served by the constable upon defendants on April 3, 1886. The defendants failed to appear and the motion having been continued until May 5, 1886, the justice on that day sustained it, and rendered a judgment against the defendants for the amount of plaintiff's original demand, interest and costs.

An execution upon this judgment was levied upon certain lands of the defendants, and at the return term of the execution, the defendants moved to quash the execution and vacate the levy. The main ground of the motion, and the only one considered by this court, was that, by the entry of the void judgment and the laches of the plaintiffs, the cause had been discontinued, and there was no pending cause on April 7, 1886 in which a motion could be made ; and therefore that the judgment upon which the execution issued was void. It was also argued by the defendants that this judgment was not rendered after the necessary notice, which, it was contended, should have been by summons in the usual form.

This motion was overruled by the justice of the peace, and defendants appealed to the circuit court, which sustained the motion and quashed the execution and levy, at plaintiffs' costs. Plaintiffs have prosecuted this appeal.

*A. Lewenthall,* for appellants.

There had been no discontinuance. The defendants had been summoned to answer the plaintiffs' demand. While the judgment was void, the process was good.

The defendants were before the court, never having been discharged, when the notice was served on them. The notice given was amply sufficient. The notice conformed to the accepted practice. It was not original process.

The case of *Ralph* v. *Prester & Saunders,* 28 Miss. 744, is not in point. There the plaintiff failed to prosecute the suit for seven years, when both the debt and the judgment would have been

66 MISS.—32..

barred. Here the delay has not been for half that time, and the delay is excusable. All the parties had treated the judgment as valid, and executions had been issued on it, and had been levied without objection on that point.

There is no such thing as a technical discontinuance in this state. *Germania Ins. Co.* v. *Francis,* 52 Miss. 457. Stress is laid in the opinion in that case on the fact that there had been no voluntary abandonment of the cause. Certainly there has been no such abandonment by the plaintiffs in the case at bar.

*H. Cassedy,* for appellees.

The judgment by default at the return term on process not shown to have been personal was void. *Betts* v. *Baxter,* 58 Miss. 329 ; *Heirmann & Kahn* v. *Stricklin,* 60 Miss. 234. Plaintiffs treated it as valid and caused executions to be issued on it. It was over three years afterward that plaintiffs, first conceiving the idea that the judgment was void, proceeded to ignore it and all the steps taken under it. It does not appear that the day named in the notice or the day judgment was entered were of the regular term days of the justice. There was no legal notice to defendants by summons, but a " a manifesto " from plaintiffs' attorney to them, notifying them that he would proceed to vacate the former judgment and proceed to trial. This was served less than five days before the appearance term. If this notice was valid in form, the service was good only to require appearance to the ensuing term after the appearance term. This, from the record, seems to have been May 5, and so we have another case of a judgment at the return term on service of " executed," and the judgment was as void as the first judgment.

The cases of *Germania Ins. Co.* v. *Francis,* cited by appellant, and *Meyer Bros.* v. *Whitehead,* 62 Miss. 387, are not applicable. The former merely holds that in it there was not a voluntary abandonment of the cause. In the second the appearance of the defendant to object to a judgment as premature was held a sufficient appearance to authorize the court, upon vacating the judgment, to proceed to render another. In that case the court uses this language, " If in fact the process was not served until within five days of the

return term, it did not require the defendant to appear until the next term after that. On his appearance at that term *there was no pending case*, for judgment was rendered at the first term."

I am not aware that the rule laid down in *Ralph* v. *Prester & Saunders*, 28 Miss. 744, has been reversed. In that case the opinion quotes with approval the text of Bacon where it is said, " The case not having been continued either by order of court, or operation of law, was at an end, and no further step could be taken in the prosecution or consummation of it, unless it were authorized by law." That case also establishes the necessity for due and regular notice to the defendants.

COOPER, J., delivered the opinion of the court.

The judgment entered by the justice of the peace in November, 1882, was void, because rendered at the return term, on service of process not shown to have been personal. *Betts* v. *Baxter*, 58 Miss. 329; *Heirmann & Kahn* v. *Stricklin*, 60 Miss. 234.

The position is untenable that the entry of the void judgment operated as a discontinuance of the cause. In *Germania Insurance Company* v. *Francis*, 52 Miss. 467, it is said that a technical discontinuance could hardly arise in this state. In *Meyer Bros.* v. *Whitehead*, 62 Miss. 387, judgment had been rendered at the return term of the writ on a return showing personal service more than five days before the return day, and execution issued and was levied upon personal property, whereupon the defendant moved to quash the execution and vacate the judgment on the ground that in fact the writ was served less than five days before the return day. On proof taken, the motion was sustained, the judgment vacated, and the defendant discharged. On appeal to this court it was held that the defendant could thus attack the judgment. In delivering the opinion the judge said, *arguendo*, and in reply to the argument of plaintiff's counsel, that the defendant having failed to plead at the second term had waived his right to vacate the judgment; " on his appearance at that term (the second) there was no pending case, for judgment was rendered at the first term. The party could not plead. All he could do in that court was to proceed to vacate the judg-

ment." This expression is seized upon by counsel for appellees as deciding that the entry of the judgment was a discontinuance of the cause. Such was not its effect, as is manifest from the result of that appeal. The observation was made as a justification of the delay of the defendant, and in response to the position assumed by counsel for appellant that the defendant was estopped by neglecting to plead at the second term. After the judgment in that case had been vacated by the court below, the plaintiff moved the court " to reinstate the case on the docket as a cause pending in the court," which motion was overruled in the court below. For this action, the cause was reversed, this court saying, " but when the judgment was vacated the court should have treated the case as a pending one, and should have required the defendant to plead at once, so as to entitle the plaintiff to a trial and judgment, if found to be entitled to it."

Reliance is chiefly put by counsel for appellee upon the case of *Ralph* v. *Prester & Saunders*, 28, Miss. 744, where the plaintiff, having secured a verdict, failed to take judgment thereon, and after the lapse of more than seven years moved for judgment.

In determining that case the court ignored that section of the act of June 28, 1822 (found now in § 2265 of the code of 1880) in reference to the continuance by operation of law of all suits and proceedings "remaining undecided" at any term of court, and decided that another section of the act, having reference to the correction of judgments in vacation, had no application to the case made. The court clearly missed the section of the act which should have controlled its decision. Much that was said indicates that the court would have held the cause to have been discontinued, but the decision turned upon the fact that the lapse of time after verdict would have barred a judgment if one had been entered, wherefore the right of the plaintiff then to enter judgment was denied. In the subsequent case of *Person & Marye* v. *Barlow*, 35 Miss. 174, it was decided, the same judge delivering the opinion who had delivered that in *Ralph* v. *Prester & Saunders*, that under like circumstances, "the plaintiff would be entitled to have judgment upon the verdict at any time before the right would be barred by limitation."

In this case no notice was taken of what had been said in *Ralph* v. *Prester & Saunders,* nor was the right to judgment at the subsequent term found to flow from the provision of the act of 1822. The court gave no reason for its change of view, but silently overruled what was said in the former case with reference to discontinuance, without referring to it.

The decision in *Person & Marye* v. *Barlow,* was right, for the reason given in *Germania Ins. Co.* v. *Francis.*

It was not necessary that the justice of the peace should issue another summons before proceeding to vacate the void judgment and to render a valid one, for having acquired jurisdiction of the person of the defendants by virtue of the original process, and not having lost it by the entry of the void judgment, he might lawfully proceed in the cause. When the cause has been treated by the plaintiff as disposed of, notice of an intention on his part to proceed ought in justice to be given to the defendant; but its form and the method of service are immaterial, since its purpose is not to give the court jurisdiction, but to prevent a subsequent appeal by the defendant to equity to vacate the judgment as obtained by fraud or surprise.

*The judgment is reversed and vacated.*