WASHINGTON WEIR, EX'R, v. VIRGINIA H. FIELD, EX'RX.

1. CHANCERY PRACTICE. *Foreclosure. Decree in personam. When obtainable.*
   Code 1880, § 1935.
   Under § 1935, code 1880, which provides that upon confirmation of the sale
   of property sold under decree of foreclosure the chancery court upon
   motion of complainant may render a personal decree against a defendant
   for the balance found by the record to be due, the right to move for such
   personal decree is not confined to the term at which the sale is confirmed,
   but may be exercised at any time before the decree becomes barred by
   limitation. *Person v. Barlow,* 35 Miss. 174, cited.

2. SAME. *Motion for decree in personam. Notice to defendant.*
   If the motion for such personal decree is made at the term of confirmation
   of the sale, no notice to defendant is necessary, but otherwise, if made at
   a subsequent term of the court.

3. FORECLOSURE OF LIEN. *Decree against personal representative.* Code 1880, § 1935.
   Under said statute the decree for such balance after sale of the property
   may be had against the personal representative of a deceased debtor.

4. CHANCERY SUIT TO FORECLOSE LIEN. *Effect upon debt. Limitation.*
   The effect of § 1935 of the code of 1880, is that a suit in chancery to en-
   force a lien is for both a decree *in rem* against the property, and *in personam*
   against the debtor, and from its commencement stops the running of the
   statute of limitation against the claim. The decree of foreclosure is a
   judicial ascertainment of the debt, and thereafter no statute of limitation
   runs as to it, or as to the right after confirmation of the sale to move for
   a decree *in personam,* except that of seven years applicable to the decree.

FROM the chancery court of Adams county.
HON. W. R. TRIGG, Chancellor.

The appellant is the executor of L. B. Field, who died in 1884.
At the time of his death L. B. Field was indebted to O. K. Field
in the sum of $4000, secured by mortgage on land. In 1885, the
latter filed a suit of foreclosure against appellant and the heirs of
said L. B. Field, and during the same year a decree of foreclosure
was rendered which adjudicated the amount due and condemned the
land to the payment thereof.

Default having been made in the payment of the debt, the land
was sold by the special commissioner named in the decree, and the

report of sale was made at the June term, 1887. The report of the commissioner showed that he had realized from the sale the sum of $2349.70, to be credited on the decree. At the same term a decree was rendered confirming the sale, but making no order as to the balance of the debt remaining after sale.

At the June term, 1889, O. K. Field, in the meantime having died, the cause was revived in the name of Virginia H. Field, his executrix, and at the same term a personal decree was rendered upon her motion against appellant in his fiduciary capacity, for the balance of the mortgage debt remaining unsatisfied after the sale of the property. The executor of L. B. Field appeared and contested the motion, and now prosecutes this appeal, assigning for error that the power of the chancery court in foreclosure suits to render a personal decree for the balance remaining due after sale of the property is confined to the term at which the sale is confirmed, and that the debt was barred by the limitation at the time the motion was made, and for this reason there could be no personal decree.

*T. Otis Baker,* for the appellant.

1. The remedy by decree for a deficiency is purely statutory. *Stark* v. *Mercer,* 3 How. 377 ; *Michigan Ins. Co.* v. *Brown,* 11 Mich. 265 ; 2 Jones on Mort. § 1711. Being statutory, the remedy · must be strictly pursued and the right confined to the term at which the report of sale is confirmed. Code 1880, § 1935. The complainant cannot lie by indefinitely, allowing interest to accumulate, and then ask and obtain a personal judgment and execution.

2. There can be no personal judgment for a deficiency in case the debt is barred by the statute of limitation. *Wiswell* v. *Baxter,* 20 Wis. 680 ; *Michigan Ins. Co.* v. *Brown, supra;* 2 Jones on Mort., § 1715.

3. The judgment for the deficiency cannot be rendered after the death of the mortgagor against his executor. A claim for such deficiency must be presented under the proceedings for the *administration* of the estate. Otherwise the mortgagee first foreclosing would, in effect, get·priority of payment out of the estate, not only as against general creditors, but as against mortgagees later in fore-

closing though in the same class of creditors. *Pechand* v. *Rinquet*, 21 Cal. 76 ; *Leonard* v. *Morris*, 9 Paige, 90 ; *Newkirk* v. *Burson*, 21 Ind. 129 ; 2 Jones on Mort., § 1717, and cases cited.

*W. P. & J. B. Harris*, for appellee.

1. Section 1935 of the code is an enlargement of the power of the court of chancery over the subject-matter of equitable cognizance, the foreclosure of mortgages. The want of power or rather of precedent to pronounce a personal decree in mortgage cases survived in this state longer than in other jurisdictions. In the United States courts a rule of court adopted in 1864 made substantially the same change made by § 1935.

While a proper practice would require that the motion be made with due diligence promptly on the confirmation, there is nothing in the character of the alteration to indicate that the motion must be made at the very term when the sale is confirmed. There is no good reason for any such strict construction of the statute. The jurisdiction continues for all purposes of making the foreclosure proceeding effectual for the complete satisfaction of the debt. *Riggs* v. *Jackson Co.*, 6 Wall. 166. A circuity of action, and multiplicity of suits should be avoided.

2. The filing of the foreclosure suit stopped the running of the statute of limitations. Code 1880, § 2062. The authorities cited by appellant are cases arising under different states of the law. They apply to those systems where mortgage security on the specific property might survive the debt as a personal charge, in which case the mortgagee was bound to confine himself to the property alone, and the debt might be barred before the filing of the bill. The cases from Wisconsin and Michigan were under special statutes. In the latter state it is provided that the debt is "recoverable at law."

3. The judgment over was properly taken against the executor of the debtor. Our statute does not apply to mortgages only. It uses the words, "mortgages, deeds of trust, or other liens," and the personal decree shall be against the "defendant," which means any party to the cause who represents the personal liability, for there

are frequently other necessary parties (as junior mortgagees) who are not personally liable, as is true of the heirs here. The language of the statute is broad enough to include foreclosure suits in which the legal representative is a party. Story Eq. Pleadg., § 196.

The argument that this practice enables some creditors to secure priority by foreclosure and personal decrees is without force. All debts with us are of equal dignity against estates except mortuary debts, and our statute prevents the acquiring of preferences by judgments or personal decrees. Code 1880, §§ 2061, 2062. As to the balance after sale, the mortgagee is a general creditor and by registering his claim may save his rights as against insolvent estates, but he gains no priority. Code, § 2031.

By our statute and the practice here adopted, the rights of property and of contract are preserved, one forum being made to do a simple, sensible thing which before required the agency of two counts and much expense and delay.

CAMPBELL, J., delivered the opinion of the court.

We fail to discover any good reason for limiting the exercise of the power conferred by § 1935 of the code to the term of the court at which the sale of property is confirmed, and are of opinion that a decree for the balance may be moved for, as provided, at any time before the statute of limitations bars the execution of a decree. *Person* v. *Barlow*, 35 Miss. 174.

Every such suit as that section relates to is for a decree *in rem*, and *in personam*, for any balance, and where there is a balance shown, may be regarded as a pending suit as to that until a decree for it. Therefore, no statute runs on the claim, except that applicable to a decree, for there is a judicial ascertainment of the sum due, and a decree for it, which may be the basis of a personal decree at any time within the limit already stated. *Person* v. *Barlow*, 35 Miss. 174.

What we have said disposes of the proposition that there can be no personal judgment for a deficiency in case the debt is barred by the statute of limitations, as well as of the objection that a decree

may not be had under § 1935 of the code against the personal representative of a decedent.

The object of this section is to enable the chancery court to grant complete redress to the suitor, by subjecting property to his lien, and decreeing for any balance due him after that, so as to give him execution as at law, instead of leaving him to sue in a court of law for such balance; and as any creditor of a decedent may sue at law, and obtain judgment and have execution, we are unable to appreciate the force of an objection to a decree by the chancery court in such case.

As stated above, every suit to enforce a lien in the chancery court is for a specific and general remedy, as provided by § 1935, and stops the running of the statute of limitations as to that suit from its commencement. If the motion is made for a decree for a balance at the term of confirmation of the sale, the parties being held as present would not be entitled to any notice; but if a motion be not made until a subsequent term, notice would be required, and such motion may be made at any time before the completion of the bar of the statute of limitations operating on a debt of record, which is seven years.

The cases cited by counsel for appellant were decided with reference to a state of the law in the respective states widely different from ours, and do not in any way conflict with our view of our statute. On the same state of law we would decide as did the courts in the cases cited, and have no doubt they would each decide upon our law as we now do.

*Affirmed.*