## BERKSON BROS. v. J. M. COEN.

LIMITATION.  *Void judgment.  Discontinuance.  Pending suit.  Delay.*

> In December, 1880, an attachment was sued out and levied on property which was absorbed by prior liens. In 1881 a declaration on open account was filed, and a judgment by default was rendered, which, as the record showed, was void, the defendant not being summoned. The case then went off the docket. In 1893, treating the suit as pending, plaintiffs had the defendant summoned, and he pleaded the statute of limitations. *Held*, that as the original cause of action was barred, and the judgment, if valid, would have been barred, defendant was protected by the statute. *Kelly* v. *Harrison*, 69 Miss., 856, distinguished.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*R. P. Willing, Jr.*, for appellants.

When the attachment writ was issued and the declaration filed, § 1522, code 1880, was complied with, and there was a pending suit, notwithstanding the defendant was not served with process. An attachment is a proceeding *in rem* and *in personam* combined. The plaintiffs in this case, as they had the right to do, elected to proceed only *in personam*, and have the defendant summoned to answer the pending suit. See *Bates* v. *Crow*, 57 Miss., 676; Code 1880, §§ 2430–2434.

Since the suit was pending, what has occurred to discontinue it, in view of the repeated declaration of this court that there is now no such thing as a technical discontinuance? Even the rendition of a void judgment does not work a discontinuance. See *Insurance Co.* v. *Francis*, 52 Miss., 457; *Meyer* v. *Whitehead*, 62 *Ib.*, 387; *Moore* v. *Hoskins*, 66 *Ib.*, 496. The case of *Kelly* v. *Harrison*, 69 Miss., 856, is on all-fours with this, and is decisive.

Opposite counsel insists that, notwithstanding there was once a pending suit, the action is barred by the statute of limitations. Which statute? If the suit was pending and the running of the statute stopped, the rendition of a void judgment could not work a discontinuance, and, in the absence of an express statute of limitations, it is submitted that time will not bar the suit.

*George S. Dodds*, for appellee.

When the declaration was filed in April, 1881, the circuit court had never acquired jurisdiction of the defendant. There was no service of process on him, and no publication as required by law. Code 1880, § 2437; 40 Miss., 611. The first process ever served was the summons which was issued to another county twelve years afterward. If this court should sustain the view that this was a pending suit, and hold that the plaintiffs, after this long delay, are entitled to judgment on a cause of action barred many years ago, it would be to award a premium to negligent litigants, and give them an advantage not enjoyed by the vigilant. If a valid judgment had been rendered in the case in 1881, it would have been barred. It is submitted that this was never a pending suit, and that the statute of limitations attached.

WOODS, J., delivered the opinion of the court.

On the twenty-sixth day of December, 1880, an attachment writ was taken out by appellants against appellee, and the same levied upon the latter's personal property, but no personal service was made upon Coen. In April, 1881, a declaration in attachment, based on an open account, was filed. The property seized was condemned to sale, and a personal judgment by default was entered against the defendant, the case then going off the docket. From April, 1881, until March, 1893, the appellants rested upon their void personal judgment, taking no steps to correct the palpable and fatal error in the record of it. At the last-named

date the appellants awoke from their long sleep, and re-appeared in court. They had their case redocketed by the clerk of the court, after its twelve years' disappearance, and then had the appellee summoned, for the first time, to answer their original declaration. At the same time, they moved to set aside and vacate their ancient void judgment, and proceeded to treat the original suit as still pending. Thereupon, opposing counsel appeared in court, and moved to dismiss the action. This motion being overruled, the defendant filed his plea, in which he averred the facts hereinbefore referred to by us, and invoked the bar of the statute of limitations. To this plea appellants demurred, and, their demurrer being overruled, the suit was by the court dismissed on their declining to plead further. From this action of the court, the present appeal is taken.

It thus appears that appellants began their suit in attachment in the year 1880, and, after taking a void judgment—void on the face of the records—permitted their case to disappear from the docket, and suffered that which, at common law, would have amounted to a discontinuance, and, for about twelve years thereafter, took no steps in the further prosecution of their suit. They should have taken timely action to have their blunder corrected and to secure their rights. They have supinely waited until their cause of action has long been barred, and they now move too late. If they had secured a valid judgment in 1880, that would have been barred years ago, and it cannot be maintained that their neglected open account stands on higher ground than a valid judgment would occupy had one been rendered.

The case is clearly within the decisions in the cases of *Ralph* v. *Prester*, 28 Miss., 744, and *Person* v. *Barlow*, 35 *Ib.*, 174, and the rights of the appellee are not unfavorably affected by the opinions in *Moore* v. *Hoskins*, 66 Miss., 496; *Insurance Co.* v. *Francis*, 52 *Ib.*, 457; *Meyer* v. *Whitehead*, 62 *Ib.*, 387; and *Kelly* v. *Harrison*, 69 *Ib.*, 856. This last-named case is thought by counsel for appellants to conclu-

sively settle the present contention adversely to appellee.  A careful examination will clearly distinguish that case from the one at bar.  In the case of *Kelly* v. *Harrison* there were irregularities in the process and in its service which were amendable, and there was a judgment valid on the face of the record, from which no appeal was taken.  When too late for an appeal to lie, and when the cause of action was barred by lapse of time, on defendant's motion, supported by evidence of matters *in pais*, the judgment was set aside while yet alive.  There was no neglect or fatal dilatoriness on the part of the plaintiff, and the judgment, regular on its face, into which the cause of action had been merged, was not barred.  The suit was still pending when the defendant, by evidence *dehors* the record, showed the judgment to be void.  The cause of action was barred, but the judgment in which it merged was alive.  In the case at bar, the cause of action and judgment alike are barred.

*Affirmed.*