Mr. Chief Justice Shakkey
delivered the opinion of the court.
This case comes up by appeal, from a decree in chancer}'-. The case made by the pleadings and evidence, is this, James C. Dickson, and William L. Arick, in the year 1833, purchased of Jefferson College, two sections of land, then unlocated. The *660 claim was located by the purchasers, and they gave six promissory notes for the purchase-money, and executed a mortgage to secure the payment. Not very long afterwards, Dickson and Arick both died, and this bill is against their heirs and legal representatives for a foreclosure of the mortgage. The answers admit the making of the notes, and the execution of thé mortgage, and also that the money is still unpaid ; but sets up the defence that the notes were not presented to the administrators within the time prescribed by law, and that consequently the notes and mortgage are barred, and the estate discharged from the payment of the money. There is no proof that the notes ever were presented to the administrators of either Dickson or Arick; on the contrary, one of the executors of Arick testified that they never were presented-to him. Due publication by the administrators having been made, the single question is, whether the notes being barred, the mortgage, or the remedy on it is also barred.
This question was decided in the case of Miller v. Helm, 2 S. & M. 687, and again adverted to in the case of Johnson v. The Planters Bank, 4 S. & M. 165; though it was passed without any direct decision on the point. It is again raised, and a distinction is taken between this statute and the general statute of limitations. The former, it is said, bars the right; the latter, the remedy only. The language of the statute is as follows: “ All claims against the estates of deceased persons shall be presented to the executor, administrator, or collector, within eighteen months after publication of notice for that purpose, by such executor, administrator, or collector, and not after; and all claims, not presented within the time aforesaid, shall be forever barred, and the estate of the testator or intestate, shall be thereafter discharged from the payment of such claim or claims.” It is true that the statute of limitations has been generally held to apply to the remedy,- but there has been much controversy on this question, and certainly, with some plausibility. It is a very difficult matter to form an idea of a right purely legal, for the enforcement of which there is no remedy; and yet the mind is forced to create some such ideal *661 thing, to sustain the proposition. If the right is not destroyed by taking away the remedy, it must have some sort of dormant existence, and depend upon accident to resuscitate it from its torpid state, in all time to come, for I suppose no common law rule of prescription, could operate on anything which is dormant by law. Generally, in a legal sense, the idea of a right, necessarily embraces within it, as necessary to its existence, the idea of a remedy. A right consists in the power to enforce it. It is difficult to draw any distinction between this statute, and the general statute of limitations, as the same result is brought about by both, but by different language. In the one instance, the right is destroyed as a consequence, but in the other, directly by the language used. The two statutes differ in language more than in substance. The bar may be as effectually pleaded in one case, as in the other. It takes place in one, by a failure to sue, and in the other, by a failure to present. The statute of limitations is said to be a statute of presumptions. It presumes payments to have been made, and acquittances lost. The same may be said of this, with equal propriety. If a claim is not presented within the prescribed time the presumption is, that it has been paid, inasmuch as the holder must be supposed to have known that the law required him to present unsatisfied claims; and it is to be supposed, also, that he has been duly notified. It must be useless to refer to authorities to prove that where a party has two remedies, one of which is barred by the statute, and the other not, he may proceed on that, which is not barred. This is not denied, except in cases where the right is barred. We may refer to the case of Lincoln v. Battelle, 6 Wend. 475, as being in point on this particular question. The defendant was the owner of an estate in the Island of St. Croix, and had obtained from the king of Denmark, a royal grant, authorizing her to call in her creditors by proclamation within a certain time. It was proven that a failure to present a claim within the time, resulted, by the law of the place, in a total bar or forfeiture of the debt, and yet the supreme court of New York, held this to be but a law oflimitations, and not pleadable in that state. The cases referred to by counsel, in support of the distinction, or at *662 least such of -them as we have had an opportunity to examine, do not, as we think, sustain it. In the case cited from 2 Barn. & Adol. the court only decided that a particular remedy was barred, but not the right, and the party was allowed to pursue a different remedy. So in the case in 1 Bland’s Ch. R. the court decided that although a note or bond might be .barred, yet a mortgage taken to secure the same debt, was not. It was said that where a party held two securities, a note and a mortgage, he might proceed .on both at the same time. A consequence of this would seem to be, that there are two distinct rights, for a party cannot pursue separate independent remedies on the same right. On a bond, .he may bring covenant or debt, but he cannot bring both. If there he two distinct rights, then it is clear that the bar of one does not bar the other. But it is not necessary to place the question on that ground. We can regard this statute only as a statute of limitations, which does not operate on remedies not barred. As a subsequent promise will take a case out of the statute of limitations, so will a knowledge of the existence of the debt, by an executor or administrator, take it out of this statute .without presentation. Helm v. Smith, 2 S. & M. 403. The mortgage was on record, and therefore constructive notice to the administrator. If the notes and the mortgage constituted but one claim, or right, why may it not be said that these administrators had notice or knowledge of the existence of this claim ? They knew of the existence" of the mortgage, and that was as much evidence of the debts as the notes'. The mortgagee had a right to proceed on his mortgage without suing on the notes. The administrators could not have supposed the debt was paid, for there was no satisfaction entered. Assuming, then, that the notes and the mortgage constituted distinct and separate rights, the bar to one was not a bar to the other. Or assuming that they were but evidences of the same debt, then the notice afforded by the registry of the mortgage was notice of the existence of the debt. The evidence derived from a knowledge of the existence of a mortgage, must be as conclusive as to the existence of a debt, as the evidence derived, from the notes to secure which it was given.
*663 The notes are, moreover, particularly described in the mortgage, and it would be strange to say, that one part of a mortgage was notice to the administrators, but not the whole of it. In every aspect, therefore, in which we have been able to view the case, we are forced to the conclusion that the defence cannot avail.
The decree of the chancellor must be affirmed.