CONTINENTAL GIN CO. *v.* MATHERS *et al.*

(Division B. June 18, 1923.).

[96 South. 744. No 23408.]

JUDGMENT. LIENS. *On confirmation of sale on foreclosure court may render judgment for balance of claim; if motion for judgment for balance in lienholder's suit made on day of confirmation, no*

*notice required; limitation on deficiency judgment entered on
confirmation of foreclosure sale runs from its entry.*

Where a lienholder files a bill of equity to foreclose the lien and
secures judgment fixing the amount of the debt and for the sale
of the property upon which the lien exists, with directions to
the commissioner to report the sale for confirmation at a future
term, the complainant may, under Section 643, Code 1906 (Hem-
ingway's Code, section 405), move for a judgment over for the
balance after deducting the amount of the sale from the original
judgment, interest, and cost. and the court may render judgment
therefor; and such judgment has the force and effect of a judg-
ment at law, and the statutes of limitation will begin then to run
against the judgment. If the motion is made on the day of the
confirmation, no notice is required, the judgment defendants be-
ing then in court. *Weir* v. *Field*, 67 Miss. 292, 7 So. 355.

APPEAL from chancery court of Wayne county.

HON. V. A. GRIFFITH, Chancellor.

Suit by the Continental Gin Company against T. L.
Mathers and others. From the decree rendered, plaintiff
appeals. Reversed and remanded.

*Jacobson & Brooks,* for appellant.

The only question for this court to decide is whether
the bar of the statute of limitations in the state of Mis-
sissippi runs from the decree of the chancellor rendered
on the 14th day of April, 1914, and in which decree a com-
missioner was appointed to make sale of the property
involved, and report back to said court for examination
and confirmation. Or, whether the bar of the statute of
limitations began to run from the decree of the chancellor
of date the 23rd day of September, 1914, in which de-
cree the report and sale of the commissioner was con-
firmed and approved, and a judgment over was awarded
to the complainant. It is our contention that the seven
year bar of the statute of limitations did not begin to
run until the day next after the rendition of the decree
for a judgment over on the 23rd day of September, 1914,

and that the judgment rendered on said date was not barred until September 24, 1921.

The fate of this case rests entirely upon the construction of two statutes, to-wit: Section 643, Code of 1906—section 405, Hemingway's Code of 1917 and section 3103, Code of 1906—section 2467, Hemingway's Code of 1917. In construing this point in controversy, our supreme court in the case of *Weir* v. *Fields,* 67 Miss. 292, conclusively settled this point in favor of appellant. It decided that: "If the motion for such personal decree is made at the term of confirmation of the sale no notice to defendants is necessary, but otherwise, if made at a subsequent term of the court.' The above case is also an authority for appellant's view, that the statute of limitations did not run from the former decree ordering sale in April, 1914, but ran from the final decree awarding the judgment over on September 23, 1914, because the rule is well established and long held by the chancery courts of the land that "where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, then the decree upon which the question arises is to be regarded not as final, but interlocutory. *Cocke's Admr.* v. *Giplin,* 1 Rob. (Va.) 20. See also *Cook* v. *Ray,* 4 Howard (Miss.), 503; *Gilleylen* v. *Martin,* 73 Miss. 695.

*M. L. Heidelberg,* for appellees.

The learned counsel for appellant contends that the decree of the chancery court, rendered on the 14th day of April, 1914, was not a final decree; but we submit that an examination of the decree itself will show that it is a final decree. For it gives judgment against the defendants for a definite sum of money, to-wit: seventeen hundred, thirty seven dollars and twenty five cents; and defendants are given thirty days in which to pay this money, in default of which certain property of their is ordered sold to satisfy the said judgment or decree.

The very fact that a court orders action taken to enforce its decrees implies that the issues have been decided, and the case is at an end. To argue that because a court has taken action to enforce its decree the statute of limitations has not commenced to run would mean that the statute could not commence to run until the debt had been paid; for there is always a possibility of the court making some order to carry out its decrees, and to enforce obedience to same.

For argument we might ask also, was the decree rendered by the court on the 14th day of April, 1914, adjudicating the amount due the complainant, the Continental Gin Co., such a decree as could be appealed from without permission of the court or the chancellor? We think it was without any such decree. In the case of *Dreyfus* v. *Gage,* 79 Miss. 403, 30 So. 691, it was said: "The supreme court will decline to treat an appeal as intended to settle the principles of the case where they have been settled by the court below, and the case is retained only to ascertain the damages to be awarded for the wrongful suing out of the injunction."

Ethridge, J., delivered the opinion of the court.

At the April term, 1914, of the chancery court of Wayne county, the appellant procured a decree or judgment against the appellees and the sale of certain property thereunder upon which the appellant had reserved title to secure the payment of certain notes referred to in the bill in that case. The decree established the amount of the debt and directed the sale of the property therein secured, appointing a commissioner to make said sale and to report to the court his actions therein. The commissioner appointed gave notice, as required by the decree, that on June 13, 1914, during legal hours he would make sale of the property described in the decree, and on June 13th made the sale and reported the same to the court, which

report came on for hearing and was approved on September 23, 1914, that being a regular term of court of said county. On the same day that the case was presented for hearing, a motion was made by the complainant for a decree for the balance due after deducting the amount of said sale from the original judgment and costs. The court entered its decree confirming the sale, and in accordance with the motion rendered a judgment over against the defendants for the balance due, which relief was also prayed in the original bill, rendering judgment for one thousand, six hundred and nineteen dollars and twenty-eight cents, with interest at the rate of eight per cent. per annum from that date until paid.

The bill of complaint in the present case was filed for the purpose of renewing the said judgment of September 23, 1914, being filed on August 6, 1921, and alleging that the said amount as adjudged on September 23, 1914, was still due and unpaid, and would become barred by limitation unless renewed on or before September 23, 1921, and prayed for a decree renewing and keeping alive said decree for another seven years so that complainant may collect its just demand against the defendants. The bill in the present case set forth the decrees in the former proceeding as exhibits to the bill.

The defendants answered the last bill filed and admitted the rendition of the decree, but allege that the judgment was in force and effect on the 15th of April, 1914, and on the 15th day of April, 1921, became void because of the statute of limitation, section 3103, Code of 1906 (Hemingway's Code, section 2467), which statute of limitation they plead. They further set forth by way of cross-bill that on June 27, 1921, the complainant had the chancery clerk of the county to issue execution on the decree of September 23, 1914, but without any notice to the cross-complainant, and aver that the statute of limitation began to run on the original decree April 14, 1914, and not from the date of the decree over rendered on September

23, 1914. They further aver that the sheriff under said execution advertised and sold certain lands, belonging to the defendants, described in the cross-bill for the purpose of satisfying the said decree; that said sale was made November 7, 1921, and deed to the said land executed to the Continental Gin Company, which deed has not been filed of record; and alleged that the said deed is wholly void, but casts a cloud upon the title of the defendants to said lands, and prays for process on the cross-bill, and for a decree canceling the said sale and deed.

Complainants answered the cross-bill and deny that the statute of limitations pleaded by the defendants ran against the said judgment. Cross-defendants further admit that on June 27th the chancery clerk of Wayne county issued an execution on the decree rendered on September 23, 1914, but deny that the said decree is void, but that it is valid and binding under section 643, Code of 1906 (Hemingway's Code, section 405). They admit that the sheriff sold said lands by virtue of the execution and that the Continental Gin Company became the best bidder therefor at the sum of one thousand dollars and received a sheriff's deed for the same, and that the said deed is not of record; deny that the sale made by the sheriff is void, or that it is a cloud upon the title of the defendants.

The court decreed that the original judgment had become barred on April 15, 1921, and that the bill to revive had not been filed until August 6, 1921; that the statute of limitation had barred the judgment, and the bill should be dismissed; that the execution issued thereon on June 27, 1921, and sale thereunder was void because it was based upon a judgment which had expired by operation of law; and further adjudged that the defendants and cross-complainants were entitled to the relief prayed for in the cross-bill, and that said deed be canceled and held for naught.

. The question for decision is whether or not the decree of September 23, 1914, was a new judgment for the amount of the debt unpaid by the sale of the machinery.

Section 643, Code of 1906 (Hemingway's Code, section 405), reads as follows:

"Upon the confirmation of the report of sale of any property, real or personal, under a decree for sale to satisfy a mortgage, deed of trust, or other lien on such property, if there be a balance due to the complainant the court, upon motion, shall give a decree against the defendant for any such balance for which by the record of the case he may be personally liable, upon which decree execution may issue."

This section expressly gives the chancery court authority to render a decree against the defendant for any such balance as the defendants may be personally liable for, and, we think, constituted a judgment against the defendants running from that date, and that consequently said judgment had not become barred by the statute of limitation on the filing of the bill on August 6, 1921. It was held in *Weir* v. *Field,* 67 Miss. 292, 7 So. 355, that the right to move for a renewal of the judgment in the chancery court may be exercised at any time before the decree becomes barred; that notice to the defendant is unnecessary if a motion be made at the time of the confirmation of the sale directed in the first order, but if made at a subsequent term such notice is necessary, although the original bill and motion filed on the day of the confirmation of the sale prayed for a judgment over for the balance due after applying the proceeds of the sale, and the decree of the court confirming the sale applied the proceeds of the sale to the payment of the costs, and on the judgment originally rendered and decreed for the complainant the amount of balance due after making such payment.

In the absence of the statute above-set out, the complainant could immediately have filed suit in the circuit court upon the judgment unsatisfied by the sale, and would have been entitled to judgment therefor. The statute was intended to give the complainant the right to do this in the chancery court and to give to the decree of the chancery court the full effect of a judgment at law.

The decree of the court below will accordingly be reversed, and the cause remanded.

*Reversed and remanded.*