EDGEWATER PARK CO. *et al. v.* STANDARD BOND, ETC., CO.

(Division B. Jan. 18, 1932. Suggestion of Error Overruled Feb. 15, 1932.)

[138 So. 811. No. 29671.]

Gardner & Backstrom, of Gulfport, for appellants.

686

Buntin & McIntosh, of Gulfport, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, being indebted to appellee in a large sum of money, executed and delivered unto appellee its promissory note to evidence the debt, and to secure the said note appellant executed and delivered its deed of trust on certain lands owned by appellant. Default having been made in the payment of the note, appellee filed its bill of foreclosure in the chancery court, the prayer of the bill being for a personal decree on the note as well as for proceedings to foreclose.

Legal service of process was had on appellant and on the trustee. The latter answered, admitting the allegations of the bill, and appellant having failed to answer,

a decree pro confesso was taken against it, and thereupon the cause having been by the clerk set for hearing on the issue docket, appellee took a final decree, which decree contained two main features: First, a complete monetary personal decree against appellee for the amount due on the note together with interest and attorney's fees; and, second, a decree declaring the existence of the mortgage lien on the property and ordering that, unless the amount decreed should be paid within the time fixed in the decree, the mortgaged land should be sold by a commissioner of the court, and the decree carried all the other and further provisions necessary and appropriate to the foreclosure proceedings. The said decree followed substantially the form for such a decree as suggested at pages 885, 886, Griffith's Mississippi Chancery Practice.

The amount decreed was not paid; the special commissioner sold the land and reported his sale for confirmation on the day appointed in said original decree for said report; and the chancellor finding that in all things the commissioner had proceeded in accordance with the terms of the said decree and otherwise as provided by law, the sale was confirmed; and in the decree confirming said sale, the chancellor, on motion of appellee, ascertained the exact balance of the proceeds of sale after deducting the costs of the court and of the said sale, and thereupon included in his decree of confirmation a personal or final monetary decree for the exact amount of the balance due to appellee by appellant as a general decree of personal liability after applying the net proceeds of the sale made under the original decree. The said final decree of confirmation, by apt recitals, discloses on its face that it was in furtherance of the original decree, was a part thereof, and the said recitals are sufficient to disclose that the said latter decree was a merger or a bringing forward of the original decree into a final sum of the balance due, thereby clos-

ing the entire matter, so far as any decree or decrees of the court were concerned.

Appellant objects, first, that it was not within the power of the court to render a final monetary decree in the first decree; that the extent of the authority of the court in that decree was to order a sale of the property; and the sale being made, then upon report thereof the court could render a final monetary decree, upon motion, under section 466, Code 1930. In this contention, appellant is mistaken. Since the adoption of the Constitution of 1890, and particularly since the decision of the court in Atkinson v. Felder, 78 Miss. 83, 29 So. 767, the governing principles of which decision have been followed by a long and unbroken line of cases, there has remained no serious doubt of the power, and upon the proper prayer of the duty of the chancery court to render a complete and final monetary personal decree upon the debt involved in a foreclosure proceeding, as a part of its decree ordering the sale; and for the last twenty-five years this has become the usual practice in the chancery courts of this state, and without question, so far as we are advised, until this present appeal.

However, it is optional with a complainant in a foreclosure proceeding whether he will take a complete personal monetary decree in his decree of foreclosure, or whether he will take therein only a decree adjudging the amount due, declaring the lien and ordering a sale, in which latter event he can avail of section 466, Code 1930, to obtain a personal decree for the balance due, after the sale is made. The latter course is often taken either by reason of some agreement to that effect between the parties, or because preferred by the complainant. Section 466 is kept in our code for two reasons: First, in order to serve the purposes of a case wherein it is preferred to take the course last mentioned; and, second, in order that, where a general personal monetary decree is taken in the first decree, there may be a statutory pro-

vision by which the court so completely retains control over the said first decree that, when the sale is reported, and the net proceeds ascertained and applied, a further final decree may be made which merges the said first decree into the latter decree, and by which the exact final amount due as and for a personal decree may be fixed, and the whole matter then judicially determined and brought down into what then becomes the real final decree, and from which the running of the statute of limitations as upon a personal decree may be calculated. See Continental Gin Co. v. Mathers, 132 Miss. 821, 96 So. 744. It is essential, where a complete monetary decree is taken in the first decree, that, in taking the second decree for the balance due, the recitals of the second decree shall be such as to show that it is a bringing forward of the first decree, is a merger therewith, so that upon the record of the entire proceedings it shall be substantially clear that, so far as the money decree is concerned, there is only one money decree, and that in that respect the second decree supersedes the first. That, as we have already mentioned, was done with sufficient clearness in the second decree here before us.

Appellant contends, secondly, that to allow the procedure which we are hereby approving is to place two personal decrees, apparently at least, on the minutes of the court for one and the same debt. Appellant calls attention to the fact that under section 346, Code 1930, it is the duty of the chancery clerk, within ten days after the expiration of the term at which any decree for money shall be made, to furnish the circuit clerk with an abstract of such decree, and that it shall thereupon be the duty of the circuit clerk forthwith to enroll the same. It is suggested, therefore, that if the clerk does his duty in a case such as this, there will be two judgments enrolled for the same debt. When the second decree is taken, if the first decree has been enrolled, the said second decree should carry a recital that upon the enroll-

ment of that second decree on the judgment rolls the first enrollment shall thereupon be canceled by the circuit clerk. But if the second decree should fail to carry any such a direction, it would be the duty of the judgment creditor, in enrolling his second decree, to cancel the first enrollment by a proper reference to the second and, if he fail to do so, then, or on subsequent demand, there are at least four remedies open to the judgment debtor by which he may obtain relief against the first enrollment.

There is but one final monetary decree in this case against appellant; that decree is the final decree confirming the sale and adjudging and fixing the final balance due, and the latter decree is the only one that is now entitled to a place on the judgment rolls. In the absence of any sale and of any bringing forward of the proceeds of that sale and of any merger of the two decrees, the first decree would be the final decree, and after seven years would be barred. Goff v. Robins, 33 Miss. 153. The latter is, of course, not the case here, but it is mentioned in order to make clear what is the exact import of this opinion. The first decree is a final decree; but, under the section of the code mentioned, the court, after sale, has the jurisdiction and power to merge it into another decree of final balance, which then becomes the final monetary decree.

Affirmed.