ROEBKE *v.* LOVE.

(Division B. Oct. 2, 1939. Suggestion of Error Overruled Oct. 30, 1939.)

[191 So. 122. No. 33812.]

Chester L. Sumners, of Corinth, for appellant.

**C. R. Bolton,** of Tupelo, for appellee.

Argued orally by **Chester L. Sumners,** for appellant and **C. R. Bolton,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

On June 29, 1931, and prior thereto, the appellant, Roebke, was indebted to the Peoples Bank & Trust Company on a promissory note providing for interest and attorney's fees on an account at the bank which Roebke had overdrawn in the sum of $725.80. Contemporaneously with the note, Roebke had executed a deed of trust on lands, to secure the payment of the note, and any other indebtedness which he might owe the bank.

The note being past due on the mentioned date, Love, in charge of the Peoples Bank & Trust Company in liquidation, filed his bill in the Chancery Court of Alcorn county, in which he sought a decree of foreclosure of the trust deed, and further prayed, "that a decree be rendered against the said Roebke for the amount due by him on said note above set out, and the overdraft above set out, and all costs of this cause, and that it be directed that the proceeds from the sale of said property under said deed of trust be applied toward the payment of the amount so adjudged to be due by the said H. E. Roebke to the complainant, and that after giving credit on said sum for the net amount realized from said sale of said property that a personal decree be rendered against the said H. E. Roebke for the balance that may be due by him to said complainant in charge of the Peoples Bank & Trust Company in Liquidation; and if complainant has not asked for the proper relief then for such other, further and general relief as (to) the court may seem right and proper;" etc.

Subsequently, on the 5th day of November, 1931, at the succeeding regular term of the Chancery Court, a decree was entered upon service of process, decree pro confesso and proof, to the effect that the complainant, Love, have and recover of Roebke the total sum of $2,507.05, to bear interest at the rate of six per cent per annum. The decree then directed the trustee named in the deed of trust on the lands described, the sale to be conducted as provided therein, and report of same to be made to the Chancery Court at the March term, 1932; and directed that the

proceeds of the sale be first applied to the costs thereof, the balance to the payment of the judgment; and the remainder, if any, to be paid over to Roebke.

The decree further provided that Love have an execution against the defendant, Roebke, for the balance due on the judgment, with interest and costs.

The record shows that the sale by the trustee was had on the 30th day of October, 1933, and the notice of sale provided that confirmation would be sought at the November, 1933, term of the Chancery Court. The report of the sale by the trustee and motion to confirm it were made to the November term of court and a decree thereon was entered, confirming the sale for $1,200.

The decree of confirmation referred to the former decree of the Chancery Court, dated November 5, 1931. After reciting the confirmation of the sale, and investing the title in the purchaser, the court found the net balance due from the proceeds of the sale, and applied that amount as a credit on the indebtedness. Thereupon the court rendered a judgment in favor of J. S. Love, Superintendent, etc., against Roebke, for the amount of the balance due, as ascertained in the decree, with interest at the rate of eight per cent per annum from the date of that decree.

An officer of the Peoples Bank & Trust Company testified directly and unequivocally that the foreclosure sale was delayed at the request of Roebke, and on his promise to pay the indebtedness, prior to the time the trustee proceeded to foreclose, and after the rendition of the first decree.

In the meantime the bank had been reopened under the prevailing statute, and taken in charge by its stockholders and officials.

After the 1933 decree no further proceedings with which we are concerned were had until March 14, 1939. Superintendent Love filed a bill in the Chancery Court of Alcorn county, reciting the debt, the confirmation of sale, the decree confirming the sale, and the decree con-

firming the sale, and the money decree for the balance—alleging that the amount remained due and unpaid.

It was further charged that the said judgment or decree was valid and effective, and that the appellant, Roebke, was asserting that the claim on that judgment was invalid; and prayed for process to be served on Roebke to show cause why the execution should not issue against him to collect the judgment; that if, upon return of execution, a sufficient amount was not collected to pay off the judgment, then that the court render a new judgment for the balance found to be due on the hearing; and prayed for general relief.

Process was served upon the appellant, who appeared and answered the petition, his main contention being that certain statutes of limitation had barred the action; that the judgment of 1933 for the balance due as then final was void, because no new process had been served upon him, and he had not been brought into court; so the judgment entered was void and in violation of the law and the Constitution.

Upon the final hearing the court entered a decree, holding the judgment of 1933 valid, and directing the clerk to issue execution thereon, returnable to the next term of court, and retaining the parties in court for the return of said execution at the next term of court. It recited that a decree for the balance, if any, would be rendered as prayed for in the petition.

The defendant, Roebke, presented an appeal to this Court, his precise contention being that the decree rendered in 1931 is the only valid decree; and that since there was no valid renewal of that decree it is barred by the seven-year statute of limitation, section 2303, Code of 1930. He contends, further, that both the decree rendered in 1931 and in 1933 are barred by chapter 251, Laws of 1934.

Appellant further contends that because the record does not disclose a motion in writing for a deficiency judgment the decree of 1933 is void, insofar as a judgment in personam is rendered against him.

Stripping the arguments in the briefs to what we conceive to be their real meaning, the contention of appellant must be that the decree of 1931 fixed the next term of court in 1932, the date for the hearing of the motion to confirm the sale; and no sale having been effected, and no report having been made to that term of court, thereafter, in the case at bar, the Chancery Court had no further jurisdiction of the person of the appellant; and that a decree in personam could not thereafter be rendered against him without process being served upon him.

The obvious answer to that proposition is that in this state there is no discontinuance of a pending cause by reason of failure to act thereon at a term to which the cause stands continued by operation of law in all aspects. See section 734, Code of 1930. If at the March term, 1932, of that court the trustee had made his report of sale, and this court had entertained jurisdiction to confirm that sale and vest the title in the purchaser, and had entered another decree for the balance then found to be due, that judgment would have been valid, as was very clearly announced in Edgewater Park Co. v. Standard Bond, etc., Co., 162 Miss. 684, 138 So. 811. The former judgment and the later were merged, as declared by this Court. If the matter was pending in the court for final decree, then no further process was necessary to the term of court fixed in the first decree for the date of confirmation and adjusting the decree or judgment. The fact that the deed of trust was not foreclosed at the instance of the appellant, in order that he might have time to save his property by paying the debt, could not possibly be urged as ousting the jurisdiction of the Chancery Court to render a decree at the term, and on the date, when the foreclosure sale of land was confirmed. See Weir v. Field, Executrix, 67 Miss. 292, 7 So. 355; Edgewater Park Co. v. Standard Bond, etc., Co., supra; and the date of the second judgment is the time from which the seven-year statute of limitation begins to run.

That time had not expired when the bill for scire facias and renewal of the 1933 decree was filed in this case.

It is further contended that section 466, Code of 1930, is mandatory in its requirement that a motion in writing is jurisdictional, in order to entitle the judgment creditor to a deficiency judgment upon the stated confirmation of the report of sale of any property under a deed of trust. The decree is silent as to whether a motion was made orally, and it is conceded that there was no separate written motion on or prior to that date. We are of opinion that the written motion is entirely unnecessary, and the absence thereof would deprive the judgment debtor of no substantial right; and this being a collateral attack upon a decree regular in form, we must assume that the court acted at the instance of the judgment creditor in rendering the deficiency judgment, and that an oral motion was made therefor at the time the court entered the final decree in 1933.

However, in the case at bar we have set forth the written prayer in the original bill filed therein, which fully apprised the appellant of the purpose and desire of the appellee in the matter. It was an unequivocal prayer for a deficiency judgment upon confirmation of the sale.

We conclude that under the authority of Continental Gin Co. v. Mathers et al., 132 Miss. 821, 96 So. 744, the seven-year statute of limitation begins to run from and after the date of the decree rendered by the Chancery Court in 1933, and that a right of action thereon was not barred by that statute.

The contention that chapter 251, Laws of 1934, wherein a one-year statute of limitation in certain cases is provided for, applies here, is entirely without merit. This act was not approved until April 4, 1934, months after the final decree in this case was entered, in 1933. This statute is as follows: ''That in all cases, foreclosure of any deed of trust, mortgage, vendor's lien, or other instrument, no suit or action shall hereafter be commenced or brought upon any installment note, or

series of notes of three or more, whether due . or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes. Provided, further, that no action shall be commenced or brought upon any such note or notes where such security has heretofore been foreclosed, except such action be brought or commenced within one year from the effective date of this act.''

We presume counsel bases has contention upon the last sentence of this act. The obvious and complete answer to the contention is that after the foreclosure, and before passage of this act, the judgment creditor herein had procured a valid judgment, and the case here on appeal is an action based on that judgment, and not on the note.

The authorities on the subject of what constitutes a final judgment for purposes of appeal to this Court have no application to the facts of this case. After the rendition of the first judgment in 1931, due to the recitals therein, the case was pending until the date of the confirmation of sale and entry of final deficiency judgment; during all of which time the appellant was in court by the service of process on him, issued upon the original bill in 1931. After the decree of 1933, if any further judgment or decree was sought to be taken against the appellant, then process was necessary in order to confer any further jurisdiction upon the court. See Continental Gin Co. v. Mathers et al., and Weir v. Field, Ex'x, supra.

Affirmed.